Craig Zimmerman (#167545)
Matthew A. Aptaker (#288406)
Law Offices of Craig Zimmerman
2151 Michelson Drive, Suite 268
Irvine, CA 92612
Tel: 714-933-4558
Fax: 714-933-4658

Attorney for Plaintiff

Pete M. Monismith (PA-84746)
Pete M. Monismith, PC
3945 Forbes Ave., #175
Pittsburgh, PA 15213
Tel: 724-610-1881
Fax: 412-258-1309

Pro Hac Vice Application Pending

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JILL CARUSO, Individually,<br><br>    Plaintiff,<br><br>v.<br><br>BOKAI INVESTMENT GROUP, LP<br><br>    Defendant. | CASE NO:<br><br>**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF FOR VIOLATIONS OF: AMERICAN'S WITH DISABILITIES ACT; UNRUH CIVIL RIGHTS ACT; CALIFORNIA DISABLED PERSONS ACT; NEGLIGENCE** |

Plaintiff, Jill Caruso (hereinafter "Plaintiff"), hereby sues the Defendant, Bokai Investment Group, LP (hereinafter "Defendants"), for injunctive relief, and attorney's fees, litigation expenses, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. §12181 et seq. ("ADA"). In support thereof, Plaintiff states:

**PARTIES**

1.      Plaintiff Jill Caruso is a resident of Monroe County, has Spina Bifida, uses a wheelchair, and is an individual with a disability within the meaning of ADA, 42 U.S.C. 12102(2), 28 C.F.R. 36.104, and MCL 31.1103.

/////

2.    Plaintiff Jill Caruso is substantially limited in performing one or more major life activities, including but not limited to, walking and standing.

3.    Defendant Bokai Investment Group, LP owns, leases, leases to, or operates the Knights Inn and is responsible for complying with the obligations of the ADA.

4.    Defendant does business in the State of California.

5.    Plaintiff Jill Caruso has been to the Knights Inn, located at 3633 Rosemead Blvd.., Rosemead, CA 91770

6.    The Knights Inn is a place of public accommodation within the meaning of Title III of the ADA, 42 U.S.C. 12181, 28 C.F.R. 36.104.

**JURISDICTION**

7.    This Court has jurisdiction pursuant to the following statutes:

a.    28 U.S.C. §1331, which governs actions that arise from the Defendant's violations of Title III of the Americans with Disabilities Act, 42 U.S.C. §12181 et seq.  See also 28 U.S.C. §2201 and §2202.

b.    28 U.S.C. §1331, which gives District Courts original jurisdiction over civil actions arising under the Constitution, laws or treaties of the United States; and

c.    28 U.S.C. §1343 (3) and (4), which gives District Courts jurisdiction over actions to secure civil rights extended by the United States government.

d.    28 U.S.C. §1367 (a), which gives District Courts supplemental jurisdiction over related causes of action, arising from the same nucleus of operative facts and arising out of the same transactions or occurrence. This action is also brought under California's Unruh Civil Rights Act, and the California Disabled Persons Act, which acts expressly incorporate the Americans with Disabilities Act.

8.    Venue is proper in this judicial district and division. Defendant does business in the State of California, and all of the acts of discrimination alleged herein occurred in this judicial district and division.

/////

/////

2

Complaint Of Jill Caruso For Damages And Injunctive Relief For Violations Of: American's With Disabilities Act; Unruh Civil Rights Act; California Disabled Persons Act; Negligence

### FIRST CLAIM FOR RELIEF

### FOR VIOLATION OF THE ADA

### AGAINST DEFENDANTS

9.      Plaintiff repeats and realleges Paragraphs one (1) through eight (8) of this Complaint and incorporates them here as if set forth in full.

10.      Plaintiff was a patron at the Knights Inn in July of 2014.

11.      Plaintiff plans to return the property in June, to avail herself of the goods and services offered to the public at the property but for the barriers in existence that deter her from doing so.

12.      There are numerous architectural barriers present at the Knights Inn  that  prevent and/or restrict access by Plaintiff, in that several features, elements, and spaces of the Knights Inn are not accessible to or usable by Plaintiff, as specified in 28 C.F.R 36.406 and the Standards for Accessible Design, 28 C.F.R., Pt. 36, Appendix A ('the Standards").

13.      Plaintiff, upon visiting the property, personally suffered discrimination because of her disability.

14.      There are several elements and spaces that Plaintiff personally encountered and which discriminated against her based upon her disability, such as:

a.      The lobby counter is located too high for an individual in a wheelchair to utilize.

b.      The lobby door closes too fast for an individual in a wheelchair to utilize.

c.      The treads on the stairs are open.

d.      The two designated disabled parking spaces are not located close to any of the accessible guest rooms.

e.      There is an excessive slope at the doorways of the accessible room that create a dangerous situation for an individual in a wheelchair.

f.      There are excessive thresholds at the doors of the accessible rooms that create a dangerous situation for an individual in a wheelchair.

/////

15.     The discriminatory violations described in paragraph 14 of this Complaint are not an exclusive list of the Defendant's ADA violations. The Plaintiff, and all other mobility-impaired individuals similarly situated have been denied access to, and have been denied the benefits of, services, programs and activities of the Defendant's buildings and facilities, and have otherwise been discriminated against and damaged by the Defendant because of the Defendant's ADA violations, as set forth above.

16.     The Plaintiff, and all others similarly situated, will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein. The Plaintiff, and all other individuals similarly situated, have been denied access to, and have been denied the benefits of services, programs and activities of the Defendant's buildings and its facilities, the opportunity to use such elements, and have otherwise been discriminated against and damaged by the Defendants because of the Defendant's ADA violations, as set forth above.

17.     Plaintiff has standing to sue for every barrier to access for the mobility-impaired that exists on the subject premises. Plaintiff has standing to require that all barriers to access on the property for the mobility-impaired are corrected, not merely only those Plaintiff personally encountered.

18.     Defendant's failure to remove the architectural barriers identified in paragraph fourteen (14) constitutes a pattern or practice of discrimination within the meaning of 42 U.S.C. 12188 (b)(1)(B)(i) and 28 C.F.R. 36.503 (a).

19.     It would be readily achievable for the Defendant to remove the architectural barriers identified above.

20.     Defendant is required to remove the existing architectural barriers to the physically disabled when such removal is readily achievable for its place of public accommodation that have existed prior to January 26, 1992, 28 CFR 36.304(a); in the alternative, if there has been an alteration to Defendant's place of public accommodation since January 26, 1992, then the Defendant is required to ensure to the maximum extent feasible, that the altered portions of the facility are readily accessible to and useable by individuals with disabilities,

including individuals who use wheelchairs, 28 CFR 36.402; and finally, if the Defendant's

facility is one which was designed and constructed for first occupancy subsequent to January 26,

1993, as defined in 28 CFR 36.401, then the Defendant's facility must be readily accessible to

and useable by individuals with disabilities as defined by the ADA.

     21.     The Defendant has discriminated against Plaintiff by denying her access to, and

full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or

accommodations of the buildings, as prohibited by 42 U.S.C. § 12182 et seq. and 28 CFR 36.302

et seq.

     22.     Defendant continues to discriminate against the Plaintiff, and all those similarly

situated, by failing to make reasonable modifications in policies, practices or procedures, when

such modifications are necessary to afford all offered goods, services, facilities, privileges,

advantages or accommodations to individuals with disabilities.

     23.     Jill Caruso has a realistic, credible, existing and continuing threat of

discrimination from the Defendants' non-compliance with the ADA with respect to this property

as described, but not necessarily limited to, the allegations in paragraph 14 of this Complaint.

Plaintiff has reasonable grounds to believe that he will continue to be subjected to discrimination

in violations of the ADA by the Defendant.

     24.     Plaintiff is aware that it will be a futile gesture to re-visit the property until it

becomes compliant with the ADA.

     25.     Plaintiff is without an adequate remedy at law and is suffering irreparable harm.

Plaintiff has retained the undersigned counsel and is entitled to recover attorney's fees, costs and

litigation expenses from the Defendants pursuant to 42 U.S.C. § 12205 and 28 CFR 36.505.

     26.     Notice to Defendant is not required as a result of the Defendant's failure to cure

the violations by January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer employees

and gross receipts of $500,000 or less). All other conditions precedent have been met by

Plaintiff or waived by the Defendant.

     27.     Pursuant to 42 U.S.C. § 12188, this Court is provided with authority to grant

Plaintiff Injunctive Relief, including an order to require the Defendant to make the property

1    readily accessible and useable to the Plaintiff and all other persons with disabilities as defined by

2    the ADA; or by closing the facility until such time as the Defendant cures its violations of the

3    ADA.

4         28.    Because Defendant has engaged in the acts and practices described above,

5    Defendant has violated the law as alleged in this Complaint and unless restrained by this

6    Honorable Court, Defendant will continue to violate the Constitution and laws of the United

7    States of America, and will cause injury, loss and damage to the Plaintiff, and all others so

8    similarly situated.

9                              **SECOND CLAIM FOR RELIEF**

10        **FOR VIOLATION OF THE UNRUH CIVIL RIGHTS ACT(Cal Civ §51-53)**

11                              **AGAINST DEFENDANTS**

12        29.    Plaintiff repleads and incorporates by reference, as if fully set forth again herein,

13   the allegations contained in all prior paragraphs of this complaint.

14        30.    Because the Defendant violated the plaintiffs' rights under the ADA, they also

15   violated the Unruh Civil Rights Act and are liable for damages. (Civ. Code § 51(f), 52(a).)

16        31.    Because the violation of the Unruh Civil Rights Act resulted in difficulty,

17   discomfort or embarrassment for the plaintiffs, the Defendant is also responsible for statutory

18   damages, i.e., a civil penalty. (Civ. Code §55.56(a)-(c).)

19                               **THIRD CLAIM FOR RELIEF**

20        **FOR VIOLATION OF THE CALIFORNIA DISABLED PERSONS ACT**

21                      **(Cal Civ.§ 54-54.8) AGAINST DEFENDANTS**

22        32.    Plaintiff repleads and incorporates by reference, as if fully set forth again herein,

23   the allegations contained in all prior paragraphs of this complaint.

24        33.    Because the Defendant violated the plaintiff's rights under the ADA, they also

25   violated the Disabled Persons Act and are liable for damages. (Civ. Code § 54.1(d), 54.3(a).)

26        34. Because the violation of the Disabled Persons Act resulted in difficulty, discomfort or

27   embarrassment for the plaintiff, the Defendant is also responsible for statutory damages, i.e., a

28   civil penalty. (Civ. Code § 55.56(a)-(c).)

## FOURTH CLAIM FOR RELIEF

## FOR NEGLIGENCE AGAINST DEFENDANTS

35.     Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the allegations contained in all prior paragraphs of this complaint.

36.     The Defendant had a general duty and a duty arising under the Americans with Disabilities Act and the Unruh Civil Rights Act and California Disabled Persons Act to provide safe, convenient, and accessible facilities to Plaintiff and those similarly situated. Their breach of this duty, as alleged in the preceding paragraphs, has caused injury and damage as alleged above.

WHEREFORE, Plaintiff respectfully requests that this Court:

A.      Declare that Defendant has violated title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq, 28 C.F.R. pt. 36.

      i.      by failing to bring the Knights Inn into compliance with the Standards where it is readily achievable to do so; and

      ii.     by failing to take other readily achievable measures to remove architectural barriers to access when it is not readily achievable to comply fully with the Standards.

B.      Defendant has violated Unruh Civil Rights Act.

C.      Award damages under the Unruh Civil Rights Act and/or the California Disabled Persons Act which damages provide for actual damages and a statutory minimum of $4,000.

D.      Award damages to Jill Caruso who has been aggrieved and injured by the illegal acts of discrimination committed by Defendant;

E.      Award attorney's fees, costs and litigation expenses pursuant to 42 U.S.C. § 12205 and MCL 37.1606.

F.      Order such other appropriate relief as the Court may deem just and proper.

/////
/////

1    Dated:  January 19, 2015       By

2                                         Matthew A. Aptaker

3                                         Law Offices of Craig Zimmerman
                                        **Attorneys for Plaintiff Jill Caruso**

**Complaint Of Jill Caruso For Damages And Injunctive Relief For Violations Of: American's With Disabilities Act; Unruh Civil Rights Act; California Disabled Persons Act; Negligence**